Our next case is another immigration case Hylton v. U.S. Attorney General Good morning Mr. Fogel. I know this is not your first appearance before us. It is in your honor. It's good to see you again. May it please the court. My name is H. Glenn Fogel Jr. and I represent the petitioner in this case Mr. Matthew Hylton. The issue is to whether a naturalized citizen of the U.S. is removable for a conviction of crimes while a U.S. citizen is undeniably in the negative. This court found in Adams this exact same issue that was so easily decided that they issued a per curiam opinion consisting of only two paragraphs. That seemed like maybe we need a published opinion now. I would say so but I just you know even in the two paragraphs this is what you know this is what the court said. Doesn't Costello really tell us everything we need to is you know I think Costello is very clear. Costello obtained his naturalization through fraud. So we don't we don't need a published opinion. We just say see Costello. Well the board of immigration appeals has thrown some obfuscation into the matter and basically said that the Costello is you know basically Costello isn't good law anymore. And I you know it's just that's just wrong. A number of you know this isn't a huge issue where you can find a lot of courts have talked about this but the courts that have that have looked at this other than the one case in the third circuit one unpublished case in the third circuit have all followed Costello. But you know this court said you know and Adams that the wording of the statute. It's not just the board. I mean the government is here to tell us today that we owe some Chevron deference to the board's interpretation here. Right well you know that's what the government says in every case and every case that gets reversed we're not given Chevron. That's not fair. I mean the government doesn't say that in every case. Well that's that's their usual argument. They always go to Chevron deference. If Chevron deference you know in every case then there would be no case ever reversed. The point is when when the BIA misapplies the law as they did here this this court should reverse them. I mean just correct them and show them what you know the correct meaning and the correct reading of the law and the correct reading of the law is the correct reading of Costello is that if a person commits a crime while they're a U.S. citizen they're not deportable for that crime even when they've done that you know even when they lose their their citizenship at a later time. So the wording of the statute that we're reviewing here is not exactly the same as the wording of the statute in Costello. Is there a material difference? No there's not a material difference. Why not? Well there's not a material difference because the the word is I mean the verb is is the you know is the controlling is the controlling verb here. Like when the fifth circuit in Ocpala in the Ocpala case looked at the same thing they they said this they said that there's no there's no material difference between and this is exact same situation that this Mr. Hilton here that was in Ocpala the you know the fifth circuit said there's no material difference. The what we're talking about is you know this was back in the 60s talking about deportation and we talk about removal now but it's it's the same thing and it's talking about a different statute a different statute under the deportable statutes which is which were you know two crimes involving moral turpitude as opposed to an aggravated felony here but the the only difference is you know it's the word removal and the and the and the crime. So what do we do with this? Costello said that all right so let's make sure we got this right all right so the provision here says any alien who is convicted of an aggravated felony at any time after admission in Costello it's any alien through at any time after entry is convicted of two crimes involving moral turpitude so the at any time after entry is is placed in different parts of the of the statute but otherwise it's really about any alien who's convicted right is convicted that's your point is about the word is but Costello itself the Supreme Court acknowledged read alone that that language was susceptible to two possible readings which last time I checked you know if languages can be read one of two ways plausibly that's the definition of ambiguity why doesn't that mean we have to give Chevron deference here? Well again you look at the plain meaning of the statute and the other the other controlling word here apart from the word I mean the verb is is alien okay and when you're when you're not you're not an alien if you're if you're a citizen and if so that's that's the whole point if you know if you're an alien you're deportable but when when you're a naturalized citizen you're not an alien anymore therefore if you commit a crime when you're not an alien you can't be deported for that I mean that's just you know that's just just logical and and and the second but I mean the Supreme Court said in Costello you could read that to permit the deportation only of a person who was an alien at the time of this conviction or and I'm quoting the Supreme Court permit deportation of a person now an alien who at any time after entry has been convicted of two crimes regardless of his status at the time of the convictions that the Supreme Court said that was one possible reading too right? Well that that went to that relation that went to the relation back provision in the statute and and and the bottom line is they came out with a holding I mean the holding the holding the holding in Costello is is what it is that that you cannot be deported. Well I guess I guess it isn't really the argument that that yes that's what the court said you could do if the provision was read standing alone but when you then apply ordinary canons of interpretation the better interpretation is that it means what you say it means including the canon that you resolve the ambiguity in favor of the alien. Right that's the rule you know the rule of leniency which is what right your lenity sorry the rule of lenity always mispronounce that the rule of lenity and that's that's what this court previously said in Adams I mean they gave four reasons one of them was the rule of lenity. I have a question Mr. Fogle about the relation back issue in section 1451 it seems to me or I read it as saying there's a civil proceeding for denaturalization and there's also a criminal proceeding is it correct that Mr. Hilton was denaturalized under 1451e which is the criminal proceeding? I believe that's correct your honor yes I mean he was if they didn't go through the civil the civil denaturalization correct. Okay but in Costello the petitioner had been denaturalized under 1451a which has slightly different language than 1451e does that make any difference to your argument? I don't think it does your honor I mean it denaturalization is denaturalization whether it's it's whether it's civil or criminal. Well 1450e contains the language saying that the it's not but it's still you know it's it's it's void as of again this void as of the date of the order so that that's I mean the date of the order denaturalized denaturalizing the person. It's made it made a nullity from that from the point of conviction going forward but there's nothing in it to suggest that it has a relation back for these purposes. Correct I think that that makes this argument even stronger because there's no relation back issue but again I mean that was the same case you know Adams had the same same issue Adams was a criminal denaturalization as well. Ocpala was a criminal denaturalization. One other thing I just wanted to point out to the court I mean in my in preparation for this argument there's two other appellate cases that that discuss that discuss the reading of Costello and agree with with this reading. One of them is a DC circuit case called United States versus Straker which is 800 F3rd 570. It's a 2015 case it's a it was a completely different issue but they agree you know they agree with Costello and the Costello's reading and that it's in a completely different it's a completely different scenario in a criminal case with a with the kidnapping of foreign kidnapping of American citizens. Okay. But and then there's another case. Mr. Fogle. Yes sir. Your time has expired. All right I'll reserve my five minutes. Thank you Ms. Nahas. Good morning your honors may it please the court Rebecca Nahas for the United States Attorney General. Petitioner committed armed bank robbery while he was a lawful permanent resident and he concealed this criminal activity in his notice of naturalization oath. But he was a citizen when he was convicted right? I'm sorry your honor. He was a citizen when he was convicted? Correct. He concealed this criminal activity in his notice of naturalization oath showing that he knew immigration consequences would attach to his criminal activity shortly after he was naturalized through his fraud and convicted of armed bank bank robbery as a naturalized citizen. He was then denaturalized. If he's convicted if he's a citizen when convicted why doesn't Costello resolve this in his favor? Sir your honor I the the government's position is that this statute the removability statute the aggravated felony statute is ambiguous under Costello and that the agency's interpretation of this statute is applying to any alien regardless of their status of conviction. My problem is this it seems to me that the that the um that the supreme court applied canons of interpretation to resolve any possible ambiguity and and concluded that the better interpretation is the one that favors the petitioner here and because the supreme court interpreted that materially similar language in that manner we are obliged to interpret some materially similar language in the same manner here. Why is that not the case? Three points. First as your honor pointed out earlier this statute was found to be ambiguous by the standing alone standing alone right before they bought the canvas but that that that goes to Chevron step one right Chevron step one didn't exist at the time of Costello. The court then went on after finding that the statute was ambiguous to interpret the statute and it did so based on a provision providing for judicial recommendation against deportation which that was and there was another separate and independent ground for rule of lenity correct. Under step two the agency gets discretion to define ambiguous terms. Yeah but the problem is that the Supreme Court of the United States resolved that ambiguity in in in one in one statute that uses the same language before the passage of this statute and I don't see how the Supreme Court can then say that that they're going to resolve that ambiguity a different way after it's been it's received that prior construction from the Supreme Court of the United States. Well your honor I think Brandex resolves that question. Brandex the Supreme Court explained that star decisis only applies to judicial interpretations of unambiguous statutes. This is not a the Supreme Court and Costello acknowledged that this was an ambiguous statute. Only standing alone only standing alone. I I'm not sure what you mean by that your honor but in terms of before you apply the canons of interpretation. Right but I I guess the the idea is step one is whether the statute is ambiguous or not and if it is then it the the the the agency has that authority and discretion. Do you have a case where the Supreme Court has yes we've we've interpreted this what could be read as ambiguous language applied canons and resolve the ambiguity in one direction and then Congress comes behind and passes another step statute using the same language and and and and and the agency says well we're going to resolve the ambiguity a different way and the Supreme Court says oh yeah you can do that despite what we had earlier said that language means when we authoritatively construed it. Your honor I I can cite Neguse for that proposition that is a case I cited in my brief and in that case the agency was interpreting the persecutor bar and whether it had a juris exception and the agency found itself bound by Fedorenko which was a prior Supreme Court precedent that interpreted a Fedorenko there's no juris exception it went up to the Supreme Court the Supreme Court sent it back to the agency said no this statute is ambiguous it's a different provision than the one at issue in Fedorenko so they didn't think that that it really was controlled by the earlier case they didn't say because it was it was materially different wasn't it well it was it was different in in I think in a similar way that the the provision before the court is different than the one in Costello the court found the judicial recommendation against deportation to be really critical part of its construction of the statutory scheme you know if you if you go through Costello they said that you know there's these two plausible interpretations but a former 15 1251 b2 the JRAD provision quote shed considerable light on the issue they also said that the qualifying provision was an important part of the legislative scheme they also said to adopt a contrary interpretation would completely nullify a procedure so intrinsic a part of the legislative scheme right so the court my problem is though the the use of the lenity rule right was an alternative ground for its construction wasn't it it was it said this you know the deportation recommendation issue is is really it seems to be a red herring because the supreme court said even with that aside we would still reach the same conclusion about how to interpret the statute yes your honor but the uh court was applying a statutory construction tool that only comes into play if the statute's not ambiguous or the agency doesn't provide a reasonable interpretation uh the rule of lenity uh does not supplant a reasonable agency interpretation of an ambiguous statute well brand brand x says it does because brand x says when you apply the rule of lenity that is a canon of statutory construction that renders the statute unambiguous right it renders the statute unambiguous it resolves the ambiguity resolves the ambiguity yes correct but at the same time your honor that's really invading the agency's authority to define these ambiguous terms and and the idea behind the chevron and brand x framework here's why i don't bother okay maybe maybe if the first interpreter of the law had been the agency we'd be talking about one thing but but but but the problem here is this is a this materially similar language is authoritatively construed by the supreme court of the united states and then congress which operates with the background principles of understanding the decisions of the supreme court that have since construed it materially similar language uses the same language and you're saying is that despite that authoritative construction and despite the fact that congress would be aware of that authoritative construction and then use the same language that the agency can come behind and say and interpret it a different way and we have to defer to that that's that's your argument isn't it yes your honor i think you're referring to uh the court's uh reasoning in adams that congress acquiesced to essentially costello by remaining and let's just put it this way congress is aware of the decisions of the supreme court across the street right sure your honor but i think that it also cuts the other way in that matter of rossi was issued two years after costello and was has been in the books for six years right and so and it also misstated costello did it not matter of rossi yeah the b costello quote was in fact primarily predicated on the provisions end of quote allowing for a jrat but as chief judge has pointed out after it discussed the jrat and how that will was important it then said but even if it didn't exist would reach the same conclusion on the rule of lenity and other considerations it's very punitive and we're going to avoid that where there's an ambiguity so the bia misinterpreted costello as a matter of law to say it was primarily based on the jrat well your honor the the rule of alternative that's that's our point alternative means it will stand on its own feet and it binds us right but it doesn't bind the agency to interpret an ambiguous statute i don't think that the rule of lenity supplants a reasonable agency interpretation so your your means there there's ambiguity but we resolve the ambiguity this is what this statute the bia the next time it has a sitting whatever they're called the panel meet can overrule the supreme court under brand x yes that is our position and the reasoning so brand x of course was considering a judicial construction by court of appeals but the the same reason it's a little bit different don't you think your honor i think that there's a the 10th circuit has come out and i'm happy to supply this in a 28j letter uh with a case explaining that brand x would apply to a supreme court uh construction of an ambiguous term and the reason the court provided was that the the reasoning and justification underlying brand x applies with equal force to a supreme court precedent and the idea was we don't want this to be uh the the chevron framework to be erased to get to the to the proper interpretation between the agency and the court right and that applies equally to the supreme court suppose the supreme council suppose spring court said this is ambiguous this is what it means okay no no no no that's confused we're the expert it is ambiguous sorry if the supreme court said it was unambiguous or ambiguous your honor unambiguous that that would be uh we would be bound by that for sure suppose the supreme court doesn't say anything about ambiguous or not ambiguous it just says we resolve this issue on the grounds of the rule of amenity then the bpa pulls up a couple of decisions that says the rule of amenity only applies if there's ambiguity so there must have been ambiguity so notwithstanding what supreme court said we get to overrule it i think that the agency uh would have to find the the uh provision before it ambiguous in order for it to provide its own interpretation it finds it ambiguous the supreme court didn't say a word about ambiguity i think that's a harder that is a harder hypothetical but that's not the case that's counsel that's exactly why i asked if the bia says nobody's said anything about ambiguity here supreme court just held this is what the statute means but we look at it we think it's recognized it's ambiguous and therefore we can overrule the supreme court on what it means right i don't think that the agency can overrule the supreme court on whether a statute is ambiguous or not yeah the supreme court has said the supreme court has said when is here the canon supply and answer chevron leaves the stage the the supreme court has held that um linguistic ambiguity does not establish ambiguity in the chevron sense well your honor costello was clear that if inc as your honor pointed out that the that that provision is uh subject in isolation red standing alone before you apply the canons but i i don't think that the canon comes into play at step one i think the canon comes into play when a statute is grievously let me read the supreme court from three years ago and epic systems whereas here the canon supply and answer chevron leaves the stage doesn't that tell us we apply that we're bound by canons including an authoritative construction by the supreme court but it doesn't matter if the board comes behind and then says that materially the same language means something different we have to we have to respect what the supreme court has said about its authoritative construction uh i think it depends on the construction tool before the court and i think that the rule of lenity was intended to apply in really they some courts call it greed grievously ambiguous statutes right that we don't know how to interpret this there is no reasonable interpretation so let's let's look at the rule of lenity and that really is at step three i mean there is step three but it's past step two step two is whether the ambiguous statute was reasonably interpreted by the agency and that's really the only review that the court has um i i see that i'm running out of time um i would just request that that the court um defer to matter of rodriguez uh excuse me matter of rossi and gonzalez murrow and deny the petition for review thank you your mr fogel thank you your honor as has been made several times by the court i mean this the supreme court has already resolved the ambiguity here there's not if if there was ambiguity in the first place um and that's before the passage of the statute that we're we're um right that's correct we're dealing with the same issue this court's already looked at and said the same you know and said the same things that they're they're saying today and i the you know if this you know the government's argument is asking us to you know is asking this court to basically ignore costello reverse it and and and follow a an incorrect misreading of the of the of costello by the bia based on a on a case i mean from 19 was also from 1966 um that's just anything that's not that you want to particularly respond to um no your honors no i mean i i've you know i've made the you know i've made the uh the argument in my briefs and i think this is a clear issue i thought this court's already found this is a clear issue we just need a i think we need a decision here well if there aren't any other further questions um i think we have your case mr fogel and we thank you for your argument we'll move to the next and last case for the day thank you thank you